DOUGLAS E. AND KAREN S. BILLINGS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Billings v. Commissioner
Docket No. 37723-87
United States Tax Court
T.C. Memo 1991-549; 1991 Tax Ct. Memo LEXIS 597; 62 T.C.M. (CCH) 1153; T.C.M. (RIA) 91549; November 4, 1991, Filed *597 Decision will be entered for the respondent.
Douglas E. Billings, pro se. Amy Dyar Seals, for the respondent. PAJAK, Special Trial Judge. PAJAK
MEMORANDUM FINDINGS OF FACT AND OPINION This case was assigned pursuant to the provisions of section 7443A(b) and Rule 180 et seq. (All section numbers refer to the Internal Revenue Code for the taxable year in issue. All Rule numbers refer to the Tax Court Rules of Practice and Procedure.) Respondent determined a deficiency in petitioners' Federal income tax for 1984 in the amount of $ 2,347, and additions to tax under section 6653(a)(1) of $ 117.35, and under section 6653(a)(2) of 50 percent of the interest due on the underpayment attributable to negligence of $ 306. After concessions, the Court must decide: (1) Whether petitioners are entitled to a dependency exemption for one or both children of a prior marriage; (2) whether petitioners received capital gain from a foreclosure sale of rental property; (3) whether petitioners received income from apartment rentals; and (4) whether petitioners are liable for additions to tax. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners resided in *598 Cleveland, Tennessee, when their petition was filed. On September 23, 1983, Douglas Billings (petitioner) and Martha Billings (Martha) were divorced. Custody of their two children, Terra and Melissa, was awarded to Martha. Petitioner was ordered to pay Martha $ 270 per month for the support of the children. Later, this support payment was increased to $ 300. In the taxable year, Douglas Billings and his new wife Karen (petitioners) paid Martha $ 3,305 in child support, or $ 1,652.50 per child. Respondent conceded that petitioners additionally expended $ 2,396 for Terra, and $ 1,144.30 for Melissa, for respective totals of $ 4,048.50 and $ 2,796.80. Based on miscellaneous checks provided at trial, we allow an additional $ 71.22 for Terra and $ 107.88 for Melissa so that petitioners' total amounts of support were $ 4,119.72 for Terra and $ 2,904.68 for Melissa. Respondent did not include in petitioners' support total any amounts petitioners spent on household expenses when the children visited them. Respondent allowed household expenses to count towards Martha's support total. Respondent calculated that Martha's support as the custodial parent totalled $ 4,593.00 for Terra *599 and $ 4,330.52 for Melissa. There was no provision in the divorce decree for petitioner, as noncustodial parent, to claim dependency exemptions for the children. Petitioner and Martha did not execute an agreement providing that petitioner was entitled to dependency exemptions for Terra and Melissa. However, both Martha and petitioners claimed dependency exemptions for Terra and Melissa. Respondent disallowed petitioners' dependency exemptions for Terra and Melissa. Respondent contends that petitioners did not provide more support to each child than did Martha. Petitioner and Martha owned four duplex apartments (duplexes), one of which they used as their residence during their marriage. After the divorce, petitioner and Martha held ownership of the duplexes as tenants in common. Both remained jointly liable on mortgage indebtedness related to the duplexes. Primary and secondary mortgages on the duplexes were held by two mortgagees, Southeast Federal Bank and Cleveland Bank, in the amounts of approximately $ 80,000 and $ 110,000, respectively. Southeast Federal sent a statement to Martha showing interest paid on the mortgage of $ 6,344. Cleveland Bank sent a statement to *600 petitioners for interest paid on the mortgage of $ 7,989.10. On their Schedule E for rental property, petitioners reported no rental income, deducted the $ 7,989.10 as interest, and reported a loss from their rental property of $ 7,989.10. Martha remained with the children in the duplex which had been the marital home prior to the divorce. She collected rent on the duplexes to make mortgage payments. Respondent recalculated petitioners' deductions and allowed petitioners one-half ($ 8,263.56) of the deductions attributable to the duplexes. Respondent also attributed one-half of the rental income ($ 3,105) to petitioners, which reduced petitioners' net deduction attributable to the duplexes to $ 5,158.56. Cleveland Bank foreclosed on its mortgage. At a foreclosure sale, the bank took title to the duplexes, subject to the approximately $ 80,000 owned to Southeast Federal Bank. It sold the duplexes for $ 190,000, the amount of Martha and petitioner's joint indebtedness. Martha and petitioner were released from their mortgage liability by the foreclosure and sale. Respondent calculated that the duplexes were "sold" for $ 133,626. Because Martha used one of the four duplexes *601 as her personal residence, respondent exempted a portion and reduced this sale amount by one-fourth, to $ 100,219.50. Respondent calculated the basis of the duplexes to be $ 55,852.60 and then calculated the gain realized by Martha and petitioner. Respondent thus determined that petitioners' share of gain on the duplexes was $ 22,183.45. Petitioners reported no gain from this transaction. OPINION Section 152(e) governs the granting of dependency exemption deductions as between divorced parents. The general rule provides that a child shall be treated as the dependent of the parent having custody. However, section 152(e)(2)(B) provides that if the noncustodial parent furnishes at least $ 1,200 for the support of the child, and the custodial parent does not "clearly establish" that she provided more for support than did the non-custodial parent, then the child shall be treated as the dependent of the noncustodial parent. , affd. . Where, as here, the custodial parent is not a party, the burden to clearly establish more than half the support falls on respondent. . *602 Respondent called Martha to testify as to the accuracy of respondent's calculations relating to her expenses. Martha was a most credible witness. Respondent also called its auditor, Michael Kozel, to testify about his audit. Mr. Kozel exhibited a high degree of competence and credibility. Mr. Kozel's worksheets, Martha's cancelled checks, and their combined testimony clearly establish the amount of Martha's support expenditures. Petitioners' documentation of their support expenditures was excellent. However, petitioners' household expenses do not count towards their support contributions. . The record clearly shows that Martha provided more support to each child. Petitioners failed to prove they had provided more than Martha for the support of the children. Therefore, petitioners are not entitled to the exemptions in the taxable year. Respondent is sustained on this issue. Petitioner and Martha were jointly liable for mortgage indebtedness on the duplexes totalling $ 190,000. The duplexes were sold at a foreclosure sale for that amount. Petitioners' belief seems to be that because they received no money *603 upon the foreclosure and sale of the duplexes to satisfy the mortgages, they have no capital gain. Unfortunately for petitioners, the law is otherwise. These duplexes are trade or business property within the meaning of section 1231(b). Under section 1001, gain is the excess of the amount realized "from the sale or other disposition of property" over the adjusted basis of the property. A foreclosure sale is a "sale or exchange" of property under the Internal Revenue Code. . The gain that results is a capital gain. Sec. 1231(a)(3). In the present case, respondent did not calculate income realized based upon the full sales price of the duplexes, but used the amount of $ 133,626. The record does not disclose why respondent used the lower figure, but use of this lower amount benefits petitioners. Petitioners did not show respondent's calculation of the duplexes' basis to be incorrect, nor did petitioners otherwise prove respondent's determination to be wrong. Therefore, we uphold respondent's determination on the issue of gain recognized on the duplexes. Petitioner and Martha were jointly liable for periodic payments *604 on their mortgages. Martha collected the rental income from the duplexes and paid mortgage payments and other expenses on behalf of petitioner and on her own behalf. In the absence of a gift, a taxpayer receives income when his debt is satisfied by another. . Because the rental income was used to pay petitioner's obligations, he is subject to tax on his share of the rental income. Petitioners have not convinced the Court of any error in respondent's determinations, and respondent is sustained on this issue. Respondent determined that petitioners are liable for the negligence additions to tax under section 6653(a)(1) and (2) for 1984. Section 6653(a)(1) imposes an addition to tax equal to five percent of the underpayment if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) imposes an additional liability of 50 percent of the interest due on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations. Negligence is the lack of due care or the failure to do what a reasonable and ordinarily *605 prudent person would do under the circumstances. . The addition to tax for negligence under section 6653(a)(2) is based upon petitioners' failure to report $ 1,744 in wage income. Petitioners conceded their failure to include this wage income on their tax return. Accordingly, we hold that petitioners are liable for the additions to tax under section 6653(a)(1) and (2). Decision will be entered for the respondent.